*Decision will be entered under Rule 50.*

---

BUDD WHEEL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99625. Promulgated December 10, 1941.

964

*Frederick E. S. Morrison, Esq.*, for the petitioner.
*Philip M. Clark, Esq.*, for the respondent.

## OPINION.

SMITH: In his audit of the petitioner's income and excess profits tax returns for 1936 and 1937 the respondent made numerous adjustments which to some extent increased the taxable net income. The petitioner does not question the correctness of those adjustments in this proceeding. The net income as adjusted by the respondent for 1936 was $1,030,342.08 and for 1937 was $1,176,015.82. From the net incomes as adjusted the respondent deducted $151,492.58 for 1936 and $173,976.55 for 1937 for taxes payable, leaving adjusted net incomes for the computation of the surtax on undistributed profits of $878,849.50 and $1,002,039.27, respectively. The petitioner in this proceeding does not question the correctness of such determinations.

In its tax returns for 1936 and 1937 the petitioner claimed dividends paid credits under section 27 (a) of the Revenue Act of 1936 of $289,561.10 and $244,967.63, respectively. Included in these claimed credits were $44,119.50 and $10,538.03, respectively, representing the amount of premiums on outstanding shares of preferred stock which were purchased for retirement in each taxable year through the sinking fund. In the computation of the deficiencies the respondent has allowed the dividends paid credit claimed on the returns.

In the returns the petitioner claimed additional credits for contracts restricting dividend payments of $524,043.04 for 1936 and $181,172.53 for 1937. These credits have been disallowed by the respondent in the determination of the deficiencies. In this pro-

ceeding the petitioner claims that the respondent erred in making such disallowances and that the amounts which he should have allowed as credits for contracts restricting the payment of dividends are $878,849.50 for 1936 and $586,297.71 for 1937.

We consider first the contention of the petitioner that the provisions of its bylaws contained in its certificates of common stock and preferred stock outstanding constitute a written contract executed by the corporation prior to May 1, 1936, within the contemplation of section 26 (c) (1) of the Revenue Act of 1936, which prohibited it from declaring dividends on its common stock in the taxable years. Section 26 (c) (1) provides in material part as follows:

SEC. 26. CREDITS OF CORPORATION.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

\* \* \* \* \* \* \*

(c) CONTRACTS RESTRICTING PAYMENT OF DIVIDENDS.—

(1) PROHIBITION ON PAYMENT OF DIVIDENDS.—An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends. If a corporation would be entitled to a credit under this paragraph because of a contract provision and also to one or more credits because of other contract provisions, only the largest of such credits shall be allowed, and for such purpose if two or more credits are equal in amount only one shall be taken into account.

The petitioner first argues that the stock certificates issued by it, incorporating therein the provisions of the bylaws restricting the payment of dividends, constitute the written contract required by section 26 (c) (1), *supra*. The provisions of the bylaws standing alone do not constitute the written contract required by the section referred to above. See *Davison-Joseph Campau Realty Co.*, 41 B. T. A. 675; *Atlas Supply Co.*, 43 B. T. A. 324; *Metal Specialty Co.*, 43 B. T. A. 891. The petitioner argues, however, that the provisions of the bylaws above referred to, incorporated in its stock certificates, do constitute a written contract within the meaning of section 26 (c) (1) of the statute. In *Helvering* v. *Northwest Steel Rolling Mills, Inc.*, 311 U. S. 46, the question before the Court was whether a provision of a corporation's charter restricting the payment of dividends was within the meaning of section 26 (c) (1) and (2). The Court held that it was not. The Court stated:

\* \* \* The natural impression conveyed by the words "written contract executed by the corporation" is that an explicit understanding has been reached, reduced to writing, signed and delivered. \* \* \*

In that case the argument was made that, even if the charter provision was not a written contract within the purview of section 26 (c) of the statute, nevertheless the issuance of stock certificates containing such charter provisions constituted a written contract within the purview of the section. In a footnote to its opinion the Supreme Court said:

Respondent contended that the stock certificates satisfied the statutory requisites even if the charter did not; but what we have here said with respect to the charter applies equally to the certificates.

This issue is determined in favor of the respondent upon the authority of *Helvering* v. *Northwest Steel Rolling Mills, Inc., supra; Crane-Johnson Co.* v. *Helvering,* 311 U. S. 54; *Lehigh Structural Steel Co.,* 44 B. T. A. 422; *Warren Telephone Co.,* 43 B. T. A. 451; and *Bishop & Babcock Manufacturing Co.,* 45 B. T. A. 776.

It may further be noted that the restriction upon the payment of dividends contained in the petitioner's stock certificates is at most a prohibition against the payment of cash dividends to the holders of stock other than first preferred stock. The respondent argues that this provision would in no event prevent the petitioner from paying other than cash dividends, such as dividends in property or dividends in second preferred stock, and his contention is that, since the petitioner was not restricted in the payment of such dividends, it has not met the requirements of section 26 (c) (1) of the statute. The respondent relies upon the following provision of Regulations 94, viz., article 26-2 (b), which provides in part as follows:

(b) *Prohibition on payment of dividends.*—The credit provided in section 26 (c) (1) is allowable only with respect to a written contract executed by the corporation prior to May 1, 1936, which expressly deals with the payment of dividends and operates as a legal restriction upon the corporation as to the amounts which it can distribute within the taxable year as dividends. If an amount can be distributed within the taxable year as a dividend—

(1) in one form (as, for example, in stock or bonds of the corporation) without violating the provisions of a contract, but can not be distributed within the taxable year as a dividend in another form (as, for example, in cash) without violating such provisions, * * *

&ast;    &ast;    &ast;    &ast;    &ast;    &ast;    &ast;

then the amount is one which, under section 26 (c) (1), can be distributed within the taxable year as a dividend without violating such provisions.

We think that this contention of the respondent is likewise sound.

*Decision will be entered under Rule 50.*